UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BRACKETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:12-CV-898-JAR |
| ) | |
| ST. LOUIS BOARD OF POLICE ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Renewed Motion to Decertify Plaintiffs' Collective Action under 29 U.S.C. § 216(b). (Doc. No. 85) The motion is fully briefed and ready for disposition. A hearing on the motion was held on February 5, 2014. For the following reasons, the motion will be denied.

**Background**

This is a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), for overtime compensation brought by five named Plaintiffs[1] on behalf of themselves and others similarly situated. Plaintiffs allege in their complaint that since May 2009 they have held the position of Sergeant with the St. Louis Metropolitan Police Department (SLMPD), and that their job duties included "responding to 911 emergency calls, making arrests, writing citations, conducting investigations, apprehending suspects, serving warrants, resolving domestic disputes,

---

[1] Plaintiff Gregory Simonds voluntarily dismissed his claim on December 23, 2013. (Doc. No. 93)

1

conducting patrols, backing up other police officers making arrests, guarding and transporting prisoners, and testifying before grand juries, at court hearings, and at trial." Plaintiffs further allege that by failing to pay them and others similarly situated the overtime pay required by law, Defendants have violated and continue to violate the FLSA. (Compl., Doc. No. 1, ¶¶ 11, 13-14)

The Court approved Plaintiffs' Notice of Lawsuit on September 14, 2012 (Doc. No. 14) and notice was sent to all Sergeants employed by the SLMPD since September 2009. Defendants moved to decertify the class on April 30, 2013. (Doc. No. 51) Following a hearing on June 25, 2013, the Court concluded the motion was premature, and denied it without prejudice. (Doc. No. 68) The parties submitted a joint proposal for phased discovery on the issue of final certification based on three classifications of Sergeants[2]:

**Classification I**: **Detective Sergeants**: Homicide Sergeants, Narcotics Sergeants, and Criminal Investigation Support Unit Sergeants.

**Classification II**: **Special Operations Sergeants**: Rapid Deployment Unit Sergeants, SWAT Sergeants, Support Operations Unit Sergeants, Mobile Reserve Unit Sergeants, Anti-Crime Unit Sergeants, and Violent Offenders Program Sergeants.

**Classification III**: **Miscellaneous SLMPD Sergeants**: Bomb and Arson Sergeants, Traffic Safety and Mounted Patrol Sergeants, Canine Unit Sergeants, DART Sergeants, Sex Crimes Unit Sergeants, Juvenile Unit Sergeants, Aviation Sergeants, and Child Abuse Unit

---

[2] Plaintiffs have eliminated claims for the following assignments without conceding they are not similarly situated to District Sergeants: Violent Offenders Program Sergeants, Juvenile Unit Sergeants, and Aviation Sergeants. (Mem. in Supp., Doc. No. 86, p. 2 n.1)

Plaintiffs have conceded that Sergeants in the Criminal Investigations Support Unit and the Domestic Abuse Response Team (DART) are not "similarly situated" to District Sergeants for purposes of this collective action. (Response, Doc. No. 94, pp. 4, 12)

Sergeants. (Doc. No. 77) The Court amended the Case Management Order to incorporate the parties' phased discovery plan. (Doc. No. 79) Following phased discovery, Defendants then renewed their motion to decertify.

In support of their renewed motion to decertify, Defendants argue that Plaintiffs cannot meet their burden of demonstrating that every other opt-in Sergeant is similarly situated to them. Defendants focus on Plaintiffs' employment settings and job duties, contending that the varied and specialized nature of their assignments are so dissimilar that generalized proof could not be used to provide a basis for common factual findings. (Mem. in Supp., Doc. No. 86, p. 2)

Plaintiffs respond that while the titles and department assignments of Sergeants varied within the SLMPD, the named and opt-in Plaintiffs all performed the duties of a District Sergeant, specifically, "duties involving the first-line supervision of Police Officers and civilian employees involved in public protection, law enforcement, and criminal investigation work. Sergeants are primarily responsible for supervising the patrol of a specific area, as well as performing some police officer duties." (Response, Doc. No. 94, p. 4)

**Legal standard**

To proceed as a collective action under the FLSA, plaintiffs must show the putative class members are "similarly situated." 29 U.S.C. § 216(b). To make this determination, courts in this district conduct a two-step analysis. Dolgin v. Monsanto Co., 2013 WL 4829218, at *2 (E.D. Mo. Sept. 10, 2013) (citing Lindsay v. Wells Fargo Advisors, LLC, 2013 WL 943736, at *1 (E.D. Mo. Mar. 11, 2013)). At the initial stage, plaintiffs need only make a "modest factual showing" sufficient to demonstrate that they and the putative class members were victims of a single decision, policy, or plan. Id. at *2. At the second stage-which comes after discovery is

completed-the court uses a stricter standard for determining whether the putative class members are similarly situated and whether the trial should proceed collectively. Id. at *1. Courts consider three factors at this second stage: "(1) the employment and factual settings of the plaintiffs; (2) the various defenses available to the defendants; and (3) considerations of fairness, procedure, and manageability." Id. at *2 (citing Lindsay, 2013 WL 943736, at *1).

**Discussion**

**Plaintiffs' employment settings and job duties**

The first factor the Court must consider is the extent to which the factual and employment settings of the individual plaintiffs varied. It is well settled that potential class members do not have to hold *identical* positions for unified treatment. See, e.g., Kautsch v. Premier Communications, 2008 WL 294271, at *2 (W.D. Mo. Jan. 31, 2008). Both sides have engaged in a thorough comparison of the duties of Detective Sergeants, Special Operations Sergeants, and Miscellaneous Sergeants with the duties of a District Sergeant. Upon consideration, the Court finds this factor weighs in favor of a collective action because there is sufficient evidence that the named and opt-in Plaintiffs are similarly situated.

The record indicates that across job assignments, the Sergeants are the supervising officers in their units. Like District Sergeants, they respond to crime scenes, oversee operations, and manage investigations. In addition, all of the opt-in Sergeants perform some of the principal duties of a District Sergeant, including conducting patrols, serving warrants, and backing up other officers. See, e.g., Moss v. Crawford & Co., 201 F.R.D. 398 (W.D. Penn. 2000) (even though the opt-in plaintiffs worked in various positions, the district court was able to ascertain from the evidence and specific nature of work performed that the duties of one opt-in plaintiff

could not substantially differ from the duties of another working in the same position.). Further, courts have denied decertification in FLSA cases despite "differences" in job descriptions, geographical locations, and pay rates, where, as here, each plaintiff asserted a common overtime claim. See, e.g., Wilks v. Pep Boys, 2006 WL 2821700 (M.D. Tenn. Sept. 26, 2006); Falcon v. Starbucks Corp., 580 F.Supp.2d 528 (S.D. Tex. 2008).

**Defendants' defenses**

The second factor to consider is the individual defenses Defendants may assert against each Plaintiff. Kautsch, 2008 WL 294271, at *2. Defendants' defenses include both the administrative and executive exemptions under the FLSA. Defendants argue that given the varied and specialized nature of Plaintiffs' assignments, these defenses will require separate factual and legal analyses of Plaintiff's job duties and responsibilities, resulting in twenty or more mini-trials and complicating the resolution of Plaintiffs' claim. However, as discussed above, the Court concludes that Plaintiffs are similarly situated; regardless of their titles or assignments, they perform the same principal duties. As a result, Plaintiffs' exemption status is capable of collective disposition. See Simmons v. Valspar Corp., 2013 WL 2147862, at *5 (D.Minn. May 16, 2013) (court concluded that because plaintiffs' employment settings were sufficiently similar, their exemption status could be determined collectively). This factor thus weighs in favor of denying decertification.

**Procedural and fairness considerations**

Finally, the Court finds procedural and fairness considerations weigh in favor of maintaining class certification. A collective action allows plaintiffs "the advantage of lower individual costs by the pooling of resources' and benefits the judicial system 'through the

efficient resolution in one proceeding of common issues of law and fact arising from the same alleged violative activity.'" Rikard v. U.S. Auto Protection, LLC, 2013 WL 5532688, at *4 (E.D. Mo. Oct. 4, 2013) (quoting Simmons, 2013 WL 2147862, at *5 ).

The Court finds the remedial purpose of the FLSA would best be served by allowing Plaintiffs to proceed collectively. Id. ("The FLSA is a remedial statute which should be read in favor of coverage.") In addition, allowing Plaintiffs to proceed collectively would conserve judicial resources by allowing the Court to make a single determination as to Plaintiffs' exempt status and potential damages, rather than requiring twenty or more individual determinations of essentially the same legal issue. See Simmons, 2013 WL 2147862, at *6. Thus, the Court concludes that procedural and fairness considerations weigh in favor of permitting Plaintiffs to proceed with this collective action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Decertify Plaintiffs' Collective Action under 29 U.S.C. § 216(b) [85] is **DENIED.**

**IT IS FURTHER ORDERED** that within seven (7) days from the date of this Order, the parties shall submit a joint proposed scheduling plan relating to dispositive motions and trial.

Dated this 8th day of April, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE