UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL BRACKETT, et al., )
 )
 Plaintiffs, )
 )
 v. ) No. 4:12-CV-898-JAR
 )
ST. LOUIS BOARD OF POLICE )
COMMISSIONERS, et al., )
 )
 Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Thomas Lake's Motion for Preliminary and Permanent Injunction Against Defendants.[1] (Doc. No. 97) The Motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

This is a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), for overtime compensation brought by five District Sergeants against the St. Louis Board of Police Commissioners[2] on behalf of themselves and others similarly situated. Plaintiff Thomas

---

[1] Lake requests a hearing on his motion. His request will be denied. The parties have thoroughly briefed the motion and the Court has determined it can resolve the issues presented without the need for oral argument.

[2] The Court takes judicial notice of St. Louis City Ordinance 69489 establishing a locally controlled, municipal police department effective September 1, 2013, pursuant to passage of Proposition A by the voters of the State of Missouri on November 6, 2012. See Sastry v. City of Crestwood, 2011 WL 2938163, at *10 n. 8 (E.D. Mo. July 19, 2011). Pursuant to Ordinance 69489, the City of St. Louis has now assumed control of the St. Louis Metropolitan Police Department from Defendant St. Louis Board of Police Commissioners and accepted

Lake ("Lake") moves for a preliminary and permanent injunction against Defendants, alleging he has been subjected to retaliation by Defendants as a result of filing and participating in this action, in violation of 29 U.S.C. § 215. Lake requests the Court restrain Defendants from further retaliatory action against him and order them to immediately promote him to the position of Detective Sergeant in the 2nd District Detective Bureau.

In opposition to Lake's motion, Defendants argue that Lake's motion pleads a new and separate claim that can only be brought by filing an amended complaint.[3] (Response, Doc. No. 103, p. 3) Next, Defendants argue that any harm perceived by Lake as a result of not being transferred is not irreparable. (Id., pp. 3-6) Finally, Defendants argue that Lake cannot establish a causal connection between his FLSA protected activity and the adverse employment action to support a finding that he is likely to succeed on the merits of his claim. (Id., pp. 6-7)

Lake replies that because the alleged acts of retaliation arise out of the underlying FLSA claim, his motion for an injunction restraining further retaliation falls squarely within the relief available under 29 U.S.C. § 216(b), which allows an employee to obtain, "without limitation," equitable relief "appropriate to effectuate the purposes" of the anti-retaliation provision. (Reply, Doc. No. 106, pp. 3-5) Next, Lake argues that unchecked retaliatory activity itself constitutes irreparable harm by deterring City employees from asserting claims against the City for

---

responsibility, ownership and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations of the Board of Police Commissioners. Accordingly, the Court considers the factual allegations in Lake's motion as directed to the City of St. Louis, the successor-in-interest to Defendant St. Louis Board of Police Commissioners.

[3] The Court notes this argument is not frivolous in that the issue of retaliation is beyond the scope of the complaint as filed; however, because Lake's motion will be denied, the Court need not address this further.

violations of State and/or Federal law, including the FLSA, thereby subverting the remedial purpose of the FLSA. (Id., pp. 5-7) Lastly, Lake maintains that an employee can demonstrate a causal connection between protected activity and adverse employment action circumstantially through evidence that justifies an inference of retaliatory motive. (Id., pp. 7-8) Here, Lake notes that by failing to promote him, the City violated not only the SLMPD's standing orders, but also its past practice of declining to interview an applicant who does not meet the minimum qualifications for the position. (Mem. in Supp., Doc. No. 98, p. 7)

**Legal standard**

"[T]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–07 (1959). A district court has broad discretion when ruling on a request for injunction. Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 893 (8th Cir. 2013). In determining whether a preliminary injunction should be issued, a district court must consider: (1) the threat of irreparable harm to the movant, (2) the balance between this harm and the harm to the other party if the injunction is granted, (3) the probability of movant's success on the merits, and (4) the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981). The standard for permanent injunctive relief is essentially the same as for preliminary injunctive relief, except that the movant must show an actual, as opposed to likelihood of, success on the merits. Amos v. Higgins, 2014 WL 572316, at *2 (W.D. Mo. Feb. 6, 2014) (citing Dataphase, 640 F.2d at 113).

**Discussion**

29 U.S.C. § 215(a)(3), the anti-retaliation provision of the FLSA, makes it unlawful "to

discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 216(b) provides that "[a]ny employer who violates the provision of § 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3) of this title, including without limitation employment, reinstatement, *promotion*, and the payment of wages lost and an additional equal amount as liquidated damages." (Emphasis added.)

Here, the basis of Lake's claim is that on two separate occasions, the City refused to promote him to the positions of Homicide Detective or Detective Sergeant in the 2nd District despite his qualifications and experience. In addition, Lake claims the Chief of Police has indicated that any future promotions for which he applies will be denied. It is this injury he seeks to avoid through his requests for preliminary and permanent injunctive relief.

The relief available to Lake under § 216(b) for alleged discrimination in violation of § 215(a)(3) in the form of a denied promotion includes (1) equitable relief in the form of ordering the promotion and prohibiting alleged future discrimination, and (2) legal relief in the form of lost wages, if any, and an equal amount as liquidated damages. Because promotion/transfer to the desired position and back pay are available to Lake should he prevail on the merits of his claim, he has not met his showing of "irreparable harm" required for the requested injunctive relief. See Roberts v. Van Buren Pub. Sch., 731 F.2d 523 (8th Cir. 1984), denying former nontenured teachers' request for reinstatement as preliminary injunctive relief. In Roberts, the court reasoned that if the teachers prevailed on the merits of their action challenging their dismissals, they would

4

be entitled to reinstatement and back pay relief. "Because such relief would offer a complete remedy, the requirement of irreparable harm upon which a preliminary injunction must be based is not met." Id. at 526. See also Singh v. School Dist. of Philadelphia, 2010 WL 3220336 (E.D. Pa. Aug. 11, 2010).

As pointed out by Lake, unlawful retaliation is often found to cause irreparable harm for purposes of issuing injunctive relief. (Reply, Doc. No. 106, pp. 5-7) A discriminatory employment action carries with it the risk that other employees may be deterred from protecting their rights under the Act and, for that matter, from testifying for the plaintiff in his effort to protect his own rights. (Id., p. 5) (citing Holt v. Continental Group, Inc., 708 F.2d 87 (2nd Cir. 1983)). These risks are certainly factors to be weighed by the Court in assessing irreparable injury. Under the circumstances of this case, however, the Court has determined that the risk of deterrence arising from what may have been a retaliatory denial of a promotion does not suffice to satisfy the irreparable damage requirement for injunctive relief. Cf., Centeno-Bernuy v. Perry, 302 F.Supp.2d 128 (W.D. N.Y. 2003), where migrant farm workers were granted preliminary injunctive relief against a former employer from his threats to contact authorities and have them arrested and deported in retaliation for them taking steps to enforce their rights under the FLSA.

The Eighth Circuit has held that the movant's failure to demonstrate irreparable harm, standing alone, ends the inquiry and is sufficient grounds for denying the injunctive request. Dataphase, 640 F.2d at 114 n.9. See also Noodles Development, LP v. Ninth Street Partners, LLP, 507 F.Supp.2d 1030, 1036 (E.D.Mo. 2007) (quoting Gelco Corp. v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987)). Thus, the Court need not address the remaining Dataphase factors. It is important to note, however, that in a preliminary injunction analysis the Court does not

5

predetermine the merits of the case. Caballo Coal Co. v. Indiana Michigan Power Co., 305 F.3d 796, 802 (8th Cir. 2002) (citing O'Connor v. Peru State College, 728 F.2d 1001, 1002-03 (8th Cir. 1984)).

**Conclusion**

For the foregoing reasons, the Court finds that Lake has not demonstrated irreparable harm and inadequacy of legal remedies sufficient to entitle him to injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Thomas Lake's Motion for Preliminary and Permanent Injunction Against Defendants [97] is **DENIED.**


Dated this 30th day of May, 2014.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE