UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BRACKETT, et. al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No.:  4:12-cv-00898-JAR** |
| **vs.** | ) | |
| | ) | |
| **ST. LOUIS BOARD OF POLICE** | ) | |
| **COMMISSIONERS, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WITNESS' ANSWERS TO DEPOSITION QUESTIONS

COME NOW Defendant ST. LOUIS BOARD OF POLICE COMMISSIONERS (SLBPC) and the named Defendant members thereof, by their attorneys, and for their opposition to Plaintiffs' Motion to Compel Witness' Answers to Deposition Questions, state as follows:

In their Complaint filed May 17, 2012, the original named Plaintiffs alleged that Defendants willfully violated the overtime pay requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207 (FLSA).  In addition to seeking back pay accruing since May 2009, Plaintiffs also alleged entitlement to liquidated damages in an amount equal to back pay, pursuant to 29 U.S.C. § 216(b).  In their Answer to the Complaint, Defendants invoked the two year statute of limitations applicable to FLSA overtime pay and liquidated damages claims which are not shown to be willful (29 U.S.C. § 255(a)), and affirmatively pleaded that they acted in good faith and with reasonable grounds to believe that Plaintiff Sergeants were properly treated as exempt from the overtime and recordkeeping provisions of the FLSA (Fourth, Fifth, and Third Affirmative Defenses).  Proof of the latter defense by Defendants is sufficient grounds to defeat all Plaintiffs' claims for liquidated damages. 29 U.S.C. § 260.

208357.1

By asserting the two year statute of limitations as a defense to claims for overtime pay, Defendants have not expressly or implicitly waived their right to assert attorney/client privilege as to communications concerning the FLSA exempt status of SLMPD Sergeants between Defendants and/or their representatives/agents and legal counsel.  On the issue of willfulness to extend the statute of limitations to three years, Plaintiffs bear the burden of proof to show that Defendants either knew or showed reckless disregard as to whether the treatment of Sergeants as exempt executive employees was in violation of the FLSA. McLaughlin v. Richland Shoe Co., 108 S.Ct. 1677 (1988).  Having specifically pleaded the claim of willful violations in the Complaint, Plaintiffs' counsel had to have some legitimate factual basis for doing so.

No claim of prejudice can now be made because counsel is denied access to confidential communications between the opposing parties and their attorneys, particularly where such communications are not being used as both a "sword and a shield." Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3rd 1417-1418 (11th Cir.), modified on reh., 30 F.3rd 1347 (11th Cir. 1994). Counsel had the opportunity to inquire of Mr. Daniels during his deposition concerning matters related to internal considerations as to the treatment of Sergeants for overtime pay purposes and can inquire of other SLMPD witnesses as to this subject.  Clearly, Defendants have not placed any advice of counsel in issue by simply denying that they willfully violated the FLSA. Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3rd 851, 863 (3rd Cir. 1997).

The "good faith" defense, contrary to the arguments of Plaintiffs' counsel, is not raised as an affirmative defense to the allegation of willful violations.  It was specifically and separately pleaded in response to Plaintiffs' claim for liquidated damages. Chao v. Barbeque Ventures, LLC, 547 F.3rd 938 (8th Cir. 2008).  However, the salient point insofar as this defense is concerned is that Defendants did not plead and have not articulated in any subsequent discovery

2

proceedings that it is based on advice of counsel.  Certainly, Defendants have "opened the door"

for inquiry into the factual bases for the alleged good faith belief that Plaintiff Sergeants were

properly treated as exempt from FLSA overtime requirements, <u>but that does not equate to an</u>

<u>implied waiver of the attorney/client privilege</u>.

Advice of counsel is placed in issue if the client asserts a defense and attempts to prove

that defense by disclosing or describing an attorney client communication. <u>Rhone-Poulenc Rorer</u>,

32 F.3rd at 863.  <u>That has not occurred in this case.</u>  Plaintiffs' counsel's Motion is based solely

on an unwarranted assumption or the "possibility" that Defendants will rely on advice of counsel

to establish their Third Affirmative Defense.[1]  "The key to a finding of implied waiver…is some

showing by the party arguing for a waiver that the opposing party relies on the privileged

communication as a claim or defense or as an element of a claim or defense."  <u>In Re County of</u>

<u>Erie</u>, 546 F.3rd 222, 228 (2nd Cir. 2008).  No such showing has been made by Plaintiffs.

It is evident from the transcript of Mr. Daniels' deposition attached as Exhibit 1 to the

Motion that Plaintiffs' counsel made no attempt to question him as to the factual bases for

Defendants' defense that they acted in good faith and with reasonable grounds to believe

Plaintiff Sergeants were properly treated as exempt from FLSA overtime pay requirements.

Nothing in the record before the Court suggests that such questions would not have been

answered, to the extent Mr. Daniels was knowledgeable of such grounds in his former role of

Director of Budget and Finance for the SLMPD.  It cannot be concluded, based on speculation,

that Daniels would have cited advice of counsel as grounds for the defense.

---

[1]  Plaintiffs' counsel references, and attached copies as Exhibits 2 and 3 to the Motion (mistakenly referenced as Exhibits 3 and 4 in the Motion, ¶ 16), written discovery responses by the SLBPC even though the Motion is limited to deposition questions.  However, counsel fails to note that Mr. Mark Lawson, former general counsel to the SLBPC, stated that he provided no "opinion" to his client regarding the FLSA exempt or nonexempt status of SLMPD Sergeants.

3

Plaintiffs' counsel is well aware of, and this Court can take judicial notice of the prior litigation in which SLMPD Sergeants were found to be FLSA exempt executive or administrative employees by this District Court.  That ruling was affirmed by the Eighth Circuit Court of Appeals and ultimately, the United States Supreme Court. Auer v. Robbins, 519 U.S. 452, 117 S. Ct. 905 (1997).  Plaintiffs' counsel is equally aware of the investigation of SLMPD Sergeants' FLSA exempt status concluded in 2005 by the United States Department of Labor, Wage and Hour Division, with a finding of no violations.  Counsel was provided with a copy of the Wage and Hour Division's investigation file by the undersigned and can determine from that file the SLMPD officials who were involved in the investigation for purposes of further depositions on Defendants' Third Affirmative Defense.[2]

Clearly, in the absence of Defendants' reliance on advice of counsel as the basis for their Third Affirmative Defense, Plaintiffs' counsel can show no prejudice by Mr. Daniels' refusal to answer questions about attorney client privileged communications.  Counsel has a full and fair opportunity to conduct discovery as to non-privileged information which serves as the basis for the defense.[3]

WHEREFORE, for the reasons stated herein, Plaintiffs' Motion to Compel Witness David Daniels to answer questions as to privileged communications with counsel for Defendants must be denied.

---

[2]  Counsel was aware that Mr. Daniels was not identified in the file as a participant in the final conference with the Wage and Hour investigator to discuss his findings.

[3] There is no evidence of record that Mr. Richard Frank, identified as Director of Personnel for the City of St. Louis by Plaintiff's Counsel, has any personal knowledge of decisions made by Defendants as to SLMPD Sergeants' FLSA exempt status.

208357.1

Respectfully submitted,

MCMAHON BERGER, P.C.


/s/ John B. Renick
John B. Renick, 21468MO
Stephen B. Maule, 44209MO
Brian C. Hey, 53930MO
2730 North Ballas Road, Suite 200
P.O. Box 31901
St. Louis, MO 63131-3039
(314) 567-7350
(314) 567-5968 – facsimile

Attorneys for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of June, 2014, served a true and correct copy of the foregoing upon the following via the Court's electronic filing system, on the following:

Rick Barry
The Law Offices of Rick Barry, P.C.
University Tower
1034 S. Brentwood Blvd., Suite 1301
St. Louis, MO  63117


/s/ John B. Renick


5

208357.1