UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BRACKETT, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 4:12-CV-898-JAR |
| ) | |
| v. ) | |
| ) | |
| ST. LOUIS BOARD OF POLICE ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Witness' Answers to Depositions Questions. (Doc. No. 113) Defendants filed a response on June 24, 2014. (Doc. No. 116) Plaintiffs did not file a reply. The motion is, therefore, fully briefed and oral argument was held on the motion on July 9, 2014.

**Background**

This is a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), for overtime compensation brought by five district sergeants on behalf of themselves and others similarly situated. Plaintiffs allege in their complaint that Defendants willfully violated the overtime pay requirements of the FLSA, 29 U.S.C. § 207 (FLSA). Plaintiffs seek back pay accruing since May 2009 as well as liquidated damages in an amount equal to back pay. In their answer, Defendants invoke the two year statute of limitations applicable to FLSA overtime pay and liquidated damages claims which are not shown to be willful, 29 U.S.C. § 255(a), and

affirmatively plead they acted in good faith and with reasonable grounds to believe that Plaintiffs were properly treated as exempt from FLSA pay requirements. 29 U.S.C. § 260.

During the May 30, 2014 deposition of David Daniels, Fiscal Manager for the SLMPD, Plaintiffs' counsel posed the following questions:

"Did you have any subsequent discussions with Mr. Lawson about the Mullins decision[1]?"; and

"And what did-what do you recall telling the Chief [Isom]?"

(Daniels Depo., Doc. No. 113-1, 25:15; 37:2) As to the first question, Defendants' counsel instructed Mr. Daniels not to answer, asserting the attorney-client privilege, as Mr. Lawson was the general counsel to the St. Louis Board of Police Commissioners. As to the second question, counsel for Defendants again instructed Mr. Daniels not to answer based on the attorney-client privilege, since his answer would include testimony regarding conversations between himself and Chief Isom, where Mr. Lawson was present.  (Id., 25:18-26:2; 37:15-19) According to Plaintiffs, counsel for Defendants has also indicated that he would similarly instruct Rick Frank, Director of Personnel for the City of St. Louis and Mark Lawson, former general counsel to the Board of Police Commissioners, not to answer any questions regarding conversations they have had with counsel for the Board and/or City regarding the status of sergeants in the SLMPD, or with employees of the City regarding this subject matter in the presence of an attorney. (Doc. No. 113, p. 2)

In support of their motion to compel, Plaintiffs maintain that Defendants waived the attorney-client privilege by asserting an affirmative defense of good faith to their allegations that

---

[1] Mullins v. City of New York, 653 F.3d 104 (2nd Cir. 2011) (holding that New York Police Department sergeants were entitled to FLSA minimum wage and overtime because sergeants with a primary duty of law enforcement in the field were not subject to the executive exemption.)

the City's failure to pay overtime was willful. Plaintiffs state they are entitled to inquire into the basis for Defendants' defense. (Id., p. 6)

Defendants respond that its good faith defense is not raised as an affirmative defense to the allegation of willful violations; rather, it was specifically pled in response to Plaintiffs' claim for liquidated damages. (Doc. No. 116, p. 2) Further, Defendants maintain they have not relied on advice of counsel as the basis for their affirmative defense, citing In Re County of Erie, 546 F.3d 222, 228 (2nd Cir. 2008) ("The key to a finding of implied waiver … is some showing by the party arguing for a waiver that the opposing party relies on the privileged communication as a claim or defense or as an element of a claim or defense.") (Doc. No. 116, p. 3)

**Legal Standard**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1), Federal Rules of Civil Procedure. "[C]onfidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." Baranski v. U.S., 2012 WL 425007, at *2 (E.D.Mo. Feb. 9, 2012) (quoting Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 601 (8th Cir.1978)). Nonetheless, as with all testimonial privileges, the attorney-client privilege must be strictly construed because of the "adverse effect of its application on the disclosure of truth[.]" Id. The burden of proving waiver of the attorney-client privilege is on Plaintiffs. Baranski, 2012 WL 425007, at *6 (citing 26A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5733 (1992); 6 Moore's Federal Practice § 26.47[1][a]).

**Discussion**

A defendant may waive the attorney client privilege by asserting reliance on the advice of counsel as an affirmative defense. Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851,

863 (3rd Cir. 1994) (citing Chevron Corp. v. Pennzoil Co., 974 F.2d 1156 (9th Cir.1992) (party's claim that its tax position was reasonable because it was based on advice of counsel puts advice in issue and waives privilege); North River Insurance Company v. Philadelphia Reinsurance Corporation, 797 F.Supp. 363, 370 (D.N.J. 1992). *See generally*, E. Cleary, McCormick on Evidence § 93, at 343 (3d ed. 1984).

Defendants maintain they have not pleaded or articulated in any subsequent discovery proceedings that their good faith defense is based on advice of counsel. (Doc. No. 116, pp. 2-3) They acknowledge "opening the door" for inquiry into the *factual* basis for their good faith belief that Plaintiffs were properly treated as exempt from FLSA overtime requirements, but argue this does not amount to an implied waiver of the attorney-client privilege. (Id., p. 3) During oral argument, counsel for Defendants stated that their good faith defense relies in particular on prior litigation finding SLMPD sergeants to be FLSA exempt executive or administrative employees, see, Auer v. Robbins, 519 U.S. 452 (1997), and an investigation into the SLMPD sergeants' FLSA exempt status conducted by the Department of Labor in 2004-2005 which concluded with a finding of no violations. Counsel also stated there would be lay witnesses to testify to that effect.

In the Court's view, Defendants have drawn a thin line between their defense of good faith and reliance on advice of counsel, which, through testimony, they may cross. However, given the heightened scrutiny applied to the attorney-client privilege, the Court concludes that Defendants have not waived the privilege at this point. Moreover, Plaintiffs have not demonstrated that the information they seek is not otherwise obtainable. See Rule 26(b)(2)(C)(i). For example, during oral argument, counsel for Plaintiffs noted that other similarly situated employees such as park and airport police are currently paid overtime as front line supervisors

pursuant to the direction of the Civil Service Board and are paid overtime on projects that receive federal funding. Based on this circumstantial evidence, counsel argued that a similar directive was given to the Police Board.

For these reasons, the Court will deny Plaintiffs' motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Witness' Answers to Depositions Questions [113] is **DENIED**.

Dated this 15th day of July, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**